

Douglas B. Lipsky - Partner

630 Third Avenue, Fifth Floor
New York, New York 10017
Main:  212.392.4772
Direct:  212.444.1024
Fax:  212.444.1030
doug@lipskylowe.com

www.lipskylowe.com

July 2, 2018

VIA ECF
The Honorable Alison J. Nathan, U.S.D.J.
U.S. District Court for the Southern District of New York
40 Foley Square, Courtroom 906
New York, New York 10007

    Re:    Olsen v. Il Mulino USA, LLC, 1:18-cv-1931 (AJN)

Dear Judge Nathan:

This firm represents the Plaintiff Thomas J. Olsen. We submit, on behalf of all parties, this statement and proposed Civil Case Management Plan and Scheduling Order in anticipation of the July 6, 2:30 p.m., Initial Pretrial Conference.

1.    Brief statement of the nature of the action and the principal defenses)

Plaintiff's Statement:

This is a website accessibility case under Title III of the Americans with Disabilities Act, the New York State Human Rights Law and New York City Human Rights Law. Defendant owns and operates the website www.ilmulino.com and the restaurants that operate under the "Il Mulino" name. The website is a gateway to these restaurants: it lists the restaurants' locations and operation hours; it lists the menu items, including their ingredients and prices; and individuals can purchase Il Mulino items, including pasta, pasta sauce, extra virgin olive oil and coffee.

Plaintiff Olsen is legally blind and cannot use a computer without the assistance of screen-reading software: this is software that vocalizes the visual information found on a computer screen or displays the content on a Braille display. Defendant's website is, however, not designed to be read by screen-reading software. Because of this, Plaintiff Olsen encountered multiple barriers that denied him access to the website and Defendant's restaurants equal to sighted individuals. He could not, for example, easily navigate the Website without assistance, and learn about the menu items, including their prices and ingredients. These barriers deterred him – as they would deter sighted individuals – from visiting the restaurants.



The Honorable Alison J. Nathan
July 2, 2018
Page 2 of 4

Plaintiff Olsen alleges, in his Complaint, Defendant's restaurants and website are a "place of public accommodation," and the website is also a "service of" those physical places of public accommodation under the ADA, NYSHRL and NYCHRL. He further alleges Defendant is violating these statutes by not taking the necessary steps to ensure that he and other visually impaired individuals have full and equal enjoyment of the goods and services of the website: making it compatible with screen reading software.

The Second Circuit has held the protections of Title III of the ADA extend beyond physical structures. *See Pallozzi v. Allstate Life Ins. Co.*, 198 F.3d 28 (2d Cir. 1999). In *Pallozzi*, the Court of Appeals held Title III requires not only that a "place of public accommodation" be physically accessible by the disabled, but also the goods or services there offered cannot be denied on the basis of disability. *Id.* at 31 ("We believe an entity covered by Title III is not only obligated by the statute to provide disabled persons with physical access, but is also prohibited from refusing to sell them its merchandise by reason of discrimination against their disability."). Consistent with that decision, every District Court within the Second Circuit to address this issue has held a company's website that is integrated with a physical structure constitutes either a "place of public accommodation" or a "service of" a place of public accommodation under Title III of the ADA. *See Del-Orden v. Bonobos, Inc.*, 1:17-cv-2744 (PAE), 2017 U.S. Dist. LEXIS 209251 (S.D.N.Y. DEC. 20, 2017 (Engelmayer, J.); *Suvino v. Time Warner Cable*, No. 16-cv-7046 (S.D.N.Y. Aug. 31, 2017) (Swain, J.); *Andres v. Blick Art Materials, LLC,* No. 17-cv-767, 2017 U.S Dist. Lexis 121007 (E.D.N.Y. Aug. 1, 2017) (Weinstein, J.); *Markett v. Five Guys Enters., LLC*, No. 17-cv-788, 2017 US Dist. Lexis 115212 (S.D.N.Y. July 21, 2017) (Forrest, J.). These District Courts accordingly held a company, like here, violates the ADA when it fails to make their websites equally accessible to the visually impaired, as it denies them full and equal opportunity to enjoy the services of the website and physical structures. *Id.*

Defendant's Statement

Defendant asserts that the Il Mulino website is not subject to the provisions of the ADA and does not qualify as a place of "public Accommodation" to which Title III applies.  The ADA is violated where the failure to afford equal access to a website impairs the users access to a traditional public accommodation, such as a merchant's brick and mortar store.

The cases focus on whether a "nexus " exits exists between the physical place of public accommodation and the particular website or mobile application.  The Il Mulino is more promotional then retail.  For example, a consumer cannot order food (or takeout) from the website.   For reservations the user is directed to the Open Table website.

In view of the lack of DOJ guidelines the case law is evolving and cases should be determined on a case to case basis,



2. <u>Basis(es) for jurisdiction and venue.</u>

This Court has subject-matter jurisdiction over this action under 28 U.S.C. § 1331 and 42 U.S.C. § 12181, as Plaintiff Olsen asserts a claim under Title III of the ADA, 42 U.S.C. § 12181, et seq., and 28 U.S.C. § 1332. This Court has supplemental jurisdiction under 28 U.S.C. § 1367 over Plaintiff Olsen's NYSHRL and NYCHRL claims.

Venue is proper in this District under 28 U.S.C. §§1391(b)(1) and 1391(c)(2) because this District has jurisdiction over Defendant: it has a continuous and systematic course of doing business in this District, as it operates multiple restaurants in this District, rents property in this District, is registered to do business here, and it, upon information and belief, pays taxes in this District; and its Website targets customers located in this District, thereby transacting business in this District and purposely and intentionally availing itself of the privileges of conducting business in this District.

3. <u>Brief description of any outstanding motions.</u>

None.

4. <u>Brief discretion of any discovery that has already taken place, and that which will be necessary for the parties to engage in meaningful settlement negotiations.</u>

The parties have exchanged information on the claimed inaccessibility of Defendant's website.

5. <u>A list of all prior settlement discussions, including the date, the parties involved, and the approximate duration of such discussions, if any.</u>

Counsel for both parties (Douglas Lipsky for Plaintiff and Mark Krasner for Defendant) have had settlement discussions by phone and email on March 20, April 2, May 9, June 8, June 19, June 25 and June 29. Each teleconference lasts a few minutes.

6. <u>Estimated length of trial.</u>

3 days.



The Honorable Alison J. Nathan
July 2, 2018
Page 4 of 4

7. Any other information that the parties believe may assist the Court in resolving the action.

None beyond what is already stated in this letter.

    Respectfully submitted,
    LIPSKY LOWE LLP


    s/ Douglas B. Lipsky
    Douglas B. Lipsky


Enclosure

CC:    Mark Kranser (Via ECF)

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------------X
:
Thomas J. Olsen :
:
: 18 Civ. 1931 (AJN)
Plaintiff(s), :
:
-v- :
: CIVIL CASE
Il Mulino USA, LLC : MANAGEMENT PLAN
Defendant(s). : AND SCHEDULING
: ORDER
:
------------------------------------------------------------------------X

    This Civil Case Management Plan (the "Plan") is submitted by the parties in accordance with Fed. R. Civ. P. 26(f)(3).

1. All parties [consent ☐ / do not consent ☑] to conducting all further proceedings before a United States Magistrate Judge, including motions and trial pursuant to 28 U.S.C. § 636(c). The parties are free to withhold consent without adverse substantive consequences.
   [If all parties consent, the remaining paragraphs need not be completed.]

2. Settlement discussions [have ☑ / have not ☐] taken place.

3. The parties [have ☑ / have not ☐] conferred pursuant to Fed. R. Civ. P. 26(f).

4. **[For F.L.S.A. actions only]**

   The plaintiff(s) [do ☐ / do not ☐] anticipate moving for conditional certification of this case as a collective action.

   The defendant(s) [will ☐ / will not ☐] stipulate to conditional certification.

   [If defendant(s) will not stipulate to conditional certification:]

       Proposed briefing schedule:

           Opening: _____

           Opposition: _____

           Reply: _____

   [Opening brief to be filed no later than 30 days from the date of the initial pretrial conference; full briefing to be completed within 30 days of the opening brief]

1

5. Amended pleadings may not be filed and additional parties may not be joined except with leave of the Court.  Any motion to amend or to join additional parties shall be filed within ___30___ days from the date of this Order.  [Absent exceptional circumstances, choose a date not more than thirty (30) days following the initial pretrial conference.]

6. Initial disclosures pursuant to Fed. R. Civ. P. 26(a)(1) shall be completed no later than ___14___ days from the date of this Order.  [Absent exceptional circumstances, a date not more than fourteen (14) days following the initial pretrial conference.]

7. All fact discovery is to be completed no later than __11/05/2018__.  [A date not more than 120 days following the initial pretrial conference, unless the Court finds that the case presents unique complexities or other exceptional circumstances.]

8. The parties are to conduct discovery in accordance with the Federal Rules of Civil Procedure and the Local Rules of the Southern District of New York.  The following interim deadlines may be extended by the parties on consent without application to the Court, provided that the parties meet the deadline for completing fact discovery set forth in ¶ 7 above.

    a. Initial requests for production of documents shall be served by __08/02/2018__.

    b. Interrogatories shall be served by __08/02/2018__.

    c. Depositions shall be completed by __11/05/2018__.

    d. Requests to admit shall be served by __11/05/2018__.

9. All expert discovery, including disclosure of expert reports, production of underlying documents, and depositions shall be completed by __12/20/2018__.  [Absent exceptional circumstances, a date forty-five (45) days from the completion of fact discovery].

10. All motions and applications shall be governed by the Court's Individual Rules.

11. All counsel must meet in person for at least one hour to discuss settlement within fourteen (14) days following the close of fact discovery.

12. Counsel for the parties propose the following alternative dispute resolution mechanism(s) for this case:

    a. ☐  Referral to a Magistrate Judge for a settlement conference.

    b. ☑  Referral to the Southern District's Mediation Program.

    c. ☐  Retention of a private mediator.

    The parties seek the above-noted referral [now ☑ / at a later date ☐ ].

    Unless otherwise ordered by the Court, settlement discussions do not stay or modify any date in this Order.

    [If the parties seek the above-noted referral at a later date:]

    Counsel for the parties will submit a letter by _____ seeking the referral.

13. Summary Judgment and *Daubert* motions are to be filed within 30 days of the close of all discovery.  Absent good cause, the Court will not ordinarily have summary judgment practice in a non-jury case.

14. Unless otherwise ordered by the Court, within forty (40) days of the close of all discovery, or, if a dispositive motion has been filed, within fourteen (14) days of a decision on such motion, the parties file via ECF a Joint Pretrial Report prepared in accordance with the Court's Individual Practices and Fed. R. Civ. P. 26(a)(3).  Any motions *in limine* shall be filed via ECF at the same time that the a Joint Pretrial Report is filed.  If this action is to be tried before a jury, proposed *voir dire*, jury instructions, and a verdict form shall also be filed at the same time as the Joint Pretrial Report.

15. The parties shall be ready for trial within two weeks of filing the Joint Pretrial Report.

16. This case [is ☑ / is not ☐ ] to be tried to a jury.

17. Other issues to be addressed at the Initial Pretrial Conference, including those set forth in Fed. R. Civ. P. 26(f)(3), are set forth below.

    _____
    None.
    _____
    _____
    _____

Counsel for the Parties:

s/ Douglas B. Lipsky                         s/ Mark Krassner
_____          _____

Plaintiff's Counsel                              Defendant's Counsel
_____          _____


_____          _____

   Except for the dates contained in ¶ 8 above, this Order may not be modified or the dates herein extended, except by further Order of this Court for good cause shown. Any application to modify or extend the dates herein shall be made in a written application in accordance with Court's Individual Rules and shall be made no fewer than two (2) business days prior to the expiration of the date sought to be extended. Absent exceptional circumstances, extensions will not be granted after deadlines have already passed. Ongoing settlement discussions do not extend any date herein unless expressly ordered by the Court.

   The next Case Management Conference is scheduled for _____ at _____.


   SO ORDERED.


Dated: _____        _____
   New York, New York         JUDGE ALISON J. NATHAN
                   United States District Judge